UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR JERNIGAN

       Petitioner,

v.                                                    Case No. 00-80979
                                                     Case No. 05-72281

UNITED STATES OF AMERICA,

                                                    Honorable Arthur J. Tarnow
       Respondent.                         United States District Judge
_____/

## ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 [DE 87]

## I. INTRODUCTION

Petitioner Jamar Jernigan has filed a motion to vacate, modify, or set aside his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty under a Rule 11 plea agreement to one count each of distributing cocaine and cocaine base, and received a sentence of 121 months incarceration. The sentence was increased by 30 months after the Sixth Circuit remanded the case for re-sentencing to include a mandatory application of gun enhancement points.

Petitioner argues that his sentence should be vacated or modified, among other reasons, based on a retroactive application of *United States v. Booker*, and because of ineffective assistance of counsel. For the reasons that follow, Petitioner's motion to vacate under § 2255 is DENIED.

## II. STANDARD OF REVIEW

To prevail under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III.  DISCUSSION

None of the grounds advanced by the petitioner, or by his appointed counsel in his supplemental brief [DE ], provide a basis to set aside, vacate, or modify petitioner's sentence.

#### A.  *Booker* cannot be applied retroactively.

Petitioner claims that *United States v. Booker*, 543 U.S. 220 (2004), as a new rule under *Teague v. Lane*, 489 U.S. 288 (1989), must be applied retroactively. Unfortunately for his position, this circuit has expressly held otherwise. *See United States v. Humphress*, 398 F.3d 855, 860 (6th Cir. 2005).  Because the judicial fact-finding in sentencing addressed in *Booker* did not carry an impermissibly high risk of inaccuracy, its new rule does not meet *Teague*'s "watershed" exception that would require retroactive application.  *Humphress*, 398 F.3d at 863.

#### B.  Petitioner has failed to establish other asserted grounds for relief.

The petitioner raises a number of additional grounds, including ineffective assistance of counsel, during both plea negotiations and on appeal.  He also cites a faulty warrant and an erroneous lab report, and states that the use of the latter led to a *Brady* or *Jencks* violation.  None of these additional grounds are supported by the record.

#### C.  Factors that militate toward a reduced sentence are inapplicable to a § 2255 motion to modify sentence

Petitioner cites the tradition in the federal judiciary and statutory schemes that supports individualized sentencing.  He advances a number of reasons to reduce his sentence, including the cocaine-crack sentencing disparity and his post-sentence rehabilitation.  Unfortunately, petitioner has not demonstrated an error of constitutional magnitude, nor a "fundamental defect," as required by 28 U.S.C. § 2255.  Without a basis to modify his sentence, the factors asserted for a new sentence are moot.

### IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion to vacate under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  December 12, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager